K. Randolph Moore, Esq. SBN 106933
MOORE LAW FIRM, P.C.
332 N. Second Street
San Jose, CA 95112
Telephone (408) 271-6600
Facsimile (408) 298-6046

Attorneys for Plaintiff
Ronald Moore

FILED
2010 JUN -1 P 2: 46
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RONALD MOORE,

   Plaintiff,

vs.

KATHY NGUYEN dba T & L Market,
ROBINSON OIL CORPORATION,

   Defendants.

CV 10-02418 PVT

Plaintiff's Complaint

I. SUMMARY

1. This is a civil rights action by plaintiff Ronald Moore ("Moore") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

T & L Market
451 Julian Street
San Jose, CA 95112
(hereinafter "Grocery Store")

2. Moore seeks damages, injunctive and declaratory relief, attorney fees and costs, against KATHY NGUYEN dba T&L MARKET, ROBINSON OIL

*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

CORPORATION (hereinafter referred to collectively as Defendants), owners and operators of T & L Market ("Grocery Store"), pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.) and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

5. Moore's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

## IV. PARTIES

7. Defendants own, operate, and/or lease the Store, and consist of a person (or persons), firm, and/or corporation.

8. Moore was diagnosed with hydrocephalus, degenerative disc disease of the lower back, cervical radiculopathy, B knee arthritis and chronic pain syndrome since 2002 and requires the use of a wheelchair when traveling about in public. Consequently, Moore is physically disabled, as defined by all applicable California and United States law and the member of the public whose rights are protected by these laws.

## V. FACTS

*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

9. The Store is a public accommodation facility/retail store, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Moore visited the Store and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Moore, the barriers at the Store included, but are not limited to, the following:

1) The entrance to the store is not wheelchair accessible;
2) Floor and landing outside of the entrance door is not level and clear;
3) There is no minimum level area provided in front of the door;
4) Slope in front of the entrance door exceeds 2.0%;
5) There is no accessible route provided within the boundary of the site to an accessible building entrances from:
   a. Public transportation stops;
   b. Accessible parking spaces;
   c. Accessible passenger loading zones;
   d. Public streets and sidewalks.
6) Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;
7) Single accommodation toilet does not provide one accessible water closet and one accessible lavatory;
8) The minimum clear width of the accessible route is less than 36";
9) The entrance door to the single-accommodation restroom is not accessible;

*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

10) Change in level between ¼" and ½" is not beveled at a maximum gradient of 1:2;

11) Floor mats and doormats are not adequately anchored to prevent interference with wheelchair traffic;

12) Bottom 10" of door does not contain smooth, uninterrupted surface that allows door to be opened by a wheelchair footrest without creating a trap or hazardous condition;

13) Sufficient space for a wheelchair measuring 30" wide x 48" long to enter the restroom and permit the door to close is not provided;

14) A clear space of sufficient size to inscribe a 60" diameter circle, or a T-shaped clear space is not provided within the sanitary facility room;

15) The centerline of the water closet is located less than 18" distance from the side-wall or partition;

16) A minimum 60" wide and 48" deep clear floor space is not provided in front of the water closet;

17) Toilet room floor surface is not smooth;

18) No rear or side grab bars are provided in the sanitary facility;

19) Sanitary facilities are not displaying signs in a minimum of two locations; one type located on the doorway to the facility, and another type mounted on the wall adjacent to the latch side of the door;

20) The restroom identification signage is not located on the wall adjacent to the latch side of the door;

21) Accessible toilet facilities are not identified by the International Symbol of Accessibility (white figure on a blue ground);

22) Directional signage to restrooms is not properly posted;

*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

Page 4

23) Handles, pulls latches, locks and other operating devices on accessible doors are not is easy to grasp with one hand and require tight grasping, tight pinching or twisting of the wrist to operate;

24) Register counter is too high;

25) Public telephone is mounted above 48";

26) Counter height exceeds 38" above finished floor;

27) Top of counter lip exceeds 40" above finished floor;

28) Goods displayed throughout the store are located out of reach and no signs offering assistance are provided.

These barriers prevented Moore from enjoying full and equal access.

11. Moore was also deterred from visiting the Store because he knew that the Store goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12. Moore also encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Moore is seeking to remove barriers unrelated to his disability.

13. Defendants knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the Store accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Store to conform to accessibility standards. Defendants have intentionally maintained the Store and in its current condition and haves intentionally refrained from altering the Store so that it complies with the accessibility standards.

15. Moore further alleges that the (continued) presence of barriers at the store is so obvious as to establish Defendants discriminatory intent.[1] On information and belief, Moore avers that evidence of this discriminatory intent includes Defendants' refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Store; conscientious decision to the architectural layout (as it currently exists) at the Store; decision not to remove barriers from the Store; and allowance that Defendants' property continues to exist in its non-compliance state. Moore further alleges, on information and belief, that the Store is not in the midst of a remodel, and that the barriers present at the Store are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

16. Moore incorporates the allegations contained in paragraphs 1 through 15 for this claim.

---

[1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

[2] Id.; 28 C.F.R. § 36.211(b)

*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. Defendants discriminated against Moore by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Store during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Moore alleges that Defendants can easily remove the architectural barriers at Store without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Defendants to remove the Store's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct and Accessible Facility</u>

*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

23. On information and belief, the Store was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

24. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Defendants violated the ADA by designing and constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public – including Moore – when it was structurally practical to do so.[3]

<u>Failure to Make an Altered Facility Accessible</u>

26. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Defendants altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Moore – to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity

can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Moore seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Moore also seeks a finding from this Court (i.e., declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

**Disabled Persons Act**

33. Moore incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

37. Here, Defendants discriminated against the physically disabled public – including Moore – by denying them full and equal access to the Store. Defendants also violated Moore's rights under the ADA, and therefore, infringed upon or violated (or both) Moore's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Moore seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Defendants from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII.  THIRD CLAIM
### Unruh Civil Rights Act

40. Moore incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that; All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

---

this action as a private attorney general under either state of federal statutes.
*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint

Page 10

44. Defendants aforementioned acts and omissions denied the physically disabled public – including Moore – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Moore by violating the Unruh Act.

46. Moore was damaged by Defendants wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Moore also seeks to enjoin Defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48. Moore incorporates the allegations contained in paragraphs 1 through 13 of this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Moore alleges the Store and Gas Station is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

*Moore v. Kathy Nguyen, et al.*
Plaintiff's Complaint

52. Defendants' non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Moore and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Moore prays judgment against Defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.
3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.
4. Attorneys' fees, litigation expense, and costs of suit.[4]
5. Interest at the legal rate from the date of the filing of this action.

Dated: June 1, 2010

K. Randolph Moore
Attorney for Plaintiff

---

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Moore v. Kathy Nguyen, et al.*

Plaintiff's Complaint